UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | NOTICE OF INTENT TO REQUEST JUDICIAL <u>REMOVAL</u> |
| - against - | |
| FARUQ KHALIL MUHAMMAD 'ISA, also known as "Faruk Khalil Muhammad 'Isa" "Sayfildin Tahir Sharif" and "Tahir Sharif Sayfildin" | 11 CR 819 (S-1) (RRM) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - X

NOTICE IS HEREBY GIVEN TO FARUQ KHALIL MUHAMMAD 'ISA ("the defendant") and to his attorneys of record herein, Samuel Jacobson, Esq., Mildred Whalen, Esq., and Sabrina Shroff, Esq., that upon conviction of the defendant for violation of 18 U.S.C. § 2332(b)(2), the United States of America shall request that the Court issue a Judicial Order of Removal to Canada against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated:   Brooklyn, New York
         February 9, 2018

                                    RICHARD P. DONOGHUE
                                    United States Attorney
                                    Eastern District of New York

                            By:     _____
                                    Alexander Solomon
                                    Peter Baldwin
                                    Tiana Demas
                                    Assistant United States Attorneys

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | FACTUAL ALLEGATIONS IN SUPPORT OF JUDICIAL <u>REMOVAL</u> |
| - against – | |
| FARUQ KHALIL MUHAMMAD 'ISA, also known as "Faruk Khalil Muhammad 'Isa" "Sayfildin Tahir Sharif" and "Tahir Sharif Sayfildin" | 11 CR 819 (S-1) (RRM) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - X

NOTICE IS HEREBY GIVEN TO FARUQ KHALIL MUHAMMAD 'ISA ("the defendant") and to his attorneys of record herein, Samuel Jacobson, Esq., Mildred Whalen, Esq., and Sabrina Shroff, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of Iraq and a citizen of Canada.

3. The defendant was paroled into the United States at Islip, New York, on or about January 23, 2015.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Eastern District of New York, of the offense of Conspiracy to Murder U.S. Nationals, in violation of 18 U.S.C. § 2332(b)(2).

5. A maximum term of life imprisonment may be imposed for a violation of this offense.

6. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to: Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, ("INA"), as amended, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of, or who admits having committed or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than purely political offense) or an attempt or conspiracy to commit such a crime, is inadmissible.

WHEREFORE, pursuant to section 238(c) of the INA, 8 U.S.C. § 1228(c), the United States requests that the Court, at the time of sentencing, order that the defendant be removed from the United States to Canada promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing.

Dated: Brooklyn, New York
February 9, 2018

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By: _____
Alexander Solomon
Peter Baldwin
Tiana Demas
Assistant United States Attorneys

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | DEFENDANT'S PLEA STATEMENT IN SUPPORT OF JUDICIAL REMOVAL |
| - against - | |
| FARUQ KHALIL MUHAMMAD 'ISA, also known as "Faruk Khalil Muhammad 'Isa" "Sayfildin Tahir Sharif" and "Tahir Sharif Sayfildin" | 11 CR 819 (S-1) (RRM) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - X

FARUQ KHALIL MUHAMMAD 'ISA, defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is Faruq Khalil Muhammad 'Isa.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated February 9, 2018. I am the person identified in that document. I hereby waive my right, pursuant to section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated February 9, 2018. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorneys, Samuel Jacobson, Esq., Mildred Whalen, Esq., and Sabrina Shroff, Esq. After consultation with my counsel and understanding the legal consequence of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order for removal to Canada. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including the right to examine the evidence against me, present evidence on my own behalf, and cross examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States to Canada under: Section 212(a)(2)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of, or who admits having committed or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than purely political offense) or an attempt or conspiracy to commit such a crime.

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal:

asylum; withholding of removal under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article III of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible protection or relief from removal available under the Constitution, laws or treaty obligations of the United States. I waive these rights only with respect to Canada.

8. I agree to the entry of a stipulated judicial order of removal to Canada pursuant to Section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in Canada, and have no present fear of persecution in the Canada, the country of my citizenship. I further acknowledge that I have not been tortured in the Canada and have no present fear of torture in Canada, the country of my citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal to Canada. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my

        removal to Canada; to meet with and to cooperate with representatives of Canada if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal.  I further understand that my failure or refusal to assist ICE in the execution of my removal to Canada may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal to Canada renders me permanently inadmissible to the United States.  I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to Canada, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

_____                        _____
Date                                                      Defendant's Signature

_____                        _____
Date                                                      Attorney for the Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against –

FARUQ KHALIL MUHAMMAD 'ISA,
   also known as
   "Faruk Khalil Muhammad 'Isa"
   "Sayfildin Tahir Sharif" and
   "Tahir Sharif Sayfildin"

                Defendant.

- - - - - - - - - - - - - - - - - -X

ORDER OF JUDICIAL REMOVAL

11 CR 819 (S-1) (RRM)

     Upon the application of the United States of America, by Alexander Solomon, Peter Baldwin, and Tiana Demas, Assistant United States Attorneys, Eastern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of Samuel Jacobson, Esq., Mildred Whalen, Esq., and Sabrina Shroff, Esq., (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of Iraq and citizen of Canada.

3. The defendant was paroled into the United States at Islip, New York, on or about January 23, 2015.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Eastern District of New York,

       of the offense of Conspiracy to Murder U.S. Nationals, in violation of 18 U.S.C. § 2332(b)(2).

5. A maximum sentence of life imprisonment may be imposed for a violation of this offense.

6. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to: Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of, or who admits having committed or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than purely political offense) or an attempt or conspiracy to commit such a crime, is inadmissible.

7. The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c) for removal to Canada.

8. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal to Canada.

9. The defendant has designated Canada the country for removal pursuant to Section 240(d) of the INA, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Canada.

Dated:   Brooklyn, New York
_____, 2018

_____
HONORABLE ROSLYNN R. MAUSKOPF
UNITED STATES DISTRICT JUDGE