

U.S. Department of Justice

United States Attorney
Eastern District of New York

PWB
F. #2010R02201

271 Cadman Plaza East
Brooklyn, New York 11201

February 6, 2018

By ECF, Hand Delivery, and Email

The Honorable Roslynn R. Mauskopf
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. 'Isa
                 Criminal Docket No. 11-819 (S-1)(RRM)

Dear Judge Mauskopf:

      The government respectfully submits this letter in anticipation of a guilty plea in the above-captioned case. The government has separately filed, under seal, the draft 11(c)(1)(C) plea agreement to which the defendant is expected to plead guilty, as well as a revised stipulation of facts.[1] In addition, this letter sets forth the elements of the statute to which the defendant is expected to plead guilty.

---

[1] Because the defendant has not yet pleaded guilty, and the Court has not yet accepted the defendant's plea, the government requests that the plea agreement and stipulated facts be filed under seal. The government is sensitive to the need to minimize the amount of information that is filed under seal in a criminal case. See, e.g., United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008) (noting "the requirement that district courts avoid sealing judicial documents in their entirety unless necessary"); Lugosch v. Pyramid Co., 435 F.3d 110, 119-20 (2d Cir. 2006) (noting that sealing orders should be "narrowly tailored"). In this case, however, public disclosure regarding the proposed plea agreement and stipulated facts could affect the defendant's right to a fair trial. See United States v. Graham, 257 F.3d 143, 154 (2d Cir. 2001) (protecting a defendant's right to fair trial may be compelling reason justifying sealing). Thus, the countervailing interests in protecting the defendant's right to a fair trial outweigh the public's qualified right to access. As the facts set forth above provide ample support for the "specific, on the record findings" necessary to support sealing, Lugosch, 435 F.3d at 120, the government respectfully requests permission to file the plea agreement and stipulated facts under seal.

I. <u>18 U.S.C. § 2332(b)(2) – Conspiracy to Murder U.S. Nationals</u>

The defendant is expected to plead guilty to Count One of the Superseding Indictment, which charges him with conspiracy to murder United States nationals, in violation of 18 U.S.C. § 2332(b)(2).

Section 2332(b) provides, in relevant part:

> Whoever outside the United States . . . engages in a conspiracy to kill [] a national of the United States shall . . . in the case of a conspiracy by two or more persons to commit a killing that is murder as defined in section 1111(a) of this title, if one or more such persons do any overt act to effect the object of the conspiracy, be fined under this title or imprisoned for any term of years or for life, or both so fined and imprisoned.

18 U.S.C. § 2332(b).[2]

II. <u>Conspiracy</u>

"To establish the existence of a criminal conspiracy, the government must prove that the conspirators agreed 'on the essence of the underlying legal objectives[,] and the kind of criminal conduct in fact contemplated.'" <u>In re Terrorist Bombings of U.S. Embassies in East Africa</u>, 552 F.3d 93, 113 (2d Cir. 2008) (quoting <u>United States v. Salameh</u>, 152 F.2d 88, 151 (2d Cir. 1998). The government does not need to prove that the defendant knew every unlawful objective of the conspiracy, every detail of its operation, or the identity of every co-conspirator. <u>United States v. Ghayth</u>, -- Fed. Appx. --, 2017 WL 4287796, at *2 (Sept. 27, 2017) (Summary Order) (citing <u>United States v. Gleason</u>, 616 F.2d 2, 16-17 (2d Cir. 1979); <u>see also</u> <u>Ocasio v. United States</u>, 136 S. Ct. 1423, 1429 (2016) ("The government does not have to prove

---

[2] The government has not located any reported decision in the Second Circuit that construes the phrase "any term of years or for life" to require a minimum sentence. In <u>United States v. Bary</u>, 57 F. Supp. 3d 300, 303 n.8 (S.D.N.Y. 2014) (LAK), the court distinguished between a murder conspiracy charge brought pursuant to 18 U.S.C. § 2332(b) in a superseding indictment and a murder conspiracy charge brought pursuant to 18 § 371 in a superseding information. The court noted that the § 371 murder conspiracy charge carried a maximum sentence of five years, whereas the § 2332(b) murder conspiracy charge carried a maximum sentence of life. The court did not state that either charge carried a minimum sentence. Similarly, in <u>United States v. Mohamed</u>, 182 F. Supp. 3d 15, 19 (E.D.N.Y. 2016) (WFK), Judge Kuntz considered the "types of sentences available" for a violation of 18 U.S.C. §1117, which also carries a punishment of "any term of years or for life. The court noted that "the violation carries a maximum term of imprisonment of life," and did not reference any minimum sentence.

that the defendant intended to commit the underlying act himself/herself.") Rather, the government need only show "that the defendant shared some knowledge of the conspiracy's unlawful aims and objectives," and "specifically intended that some conspirator commit each element of the substantive offense," Ocasio, 136 S. Ct. 1432.

III. Elements of 18 U.S.C. § 2332(b)

The elements of conspiracy to murder U.S. nationals, in violation of 18 U.S.C. § 2332(b), are:

(1) A conspiracy to murder one or more United States nationals[3] existed;
(2) The defendant knowingly and intentionally became a member of that conspiracy;
(3) An overt act occurred, that is, someone within the conspiracy took some action that advanced the goals of the conspiracy; and
(4) The defendant engaged in the charged conspiracy while outside of the United States.[4]

With respect to the third element, the government must prove beyond a reasonable doubt that at least one coconspirator, but not necessarily the defendant, committed at least one overt act in furtherance of the conspiracy. In other words, there must have been something more than an agreement — the defendant or one of the coconspirators must have taken some overt step or action in furtherance of the conspiracy. The government may satisfy the overt act element by proving one of the overt acts alleged in the Superseding Indictment, but it is not required to prove any of those particular overt acts. It is enough if the government proves that at least one overt act was committed in furtherance of the conspiracy, whether or not alleged in the Superseding Indictment. It is sufficient to find that at least one conspirator performed at least one overt act to further the conspiracy within the timeframe of the conspiracy. The defendant does not need to commit an overt act to become a member of the conspiracy. See Charge of the Hon. Brian M. Cogan in United States v. Harun, 12-CR-134 (BMC); See also United States v. Salmonese, 353 F.3d 608, 619 (2d Cir. 2003) (reaffirming the "well-established rule of this and other circuits that the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment, at least so long as there is no prejudice to the defendant") (quoting United States v. Frank, 156 F.3d 332, 337 (2d Cir. 1998)).

Murder is defined as the "unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). "Malice is the state of mind that would cause a person

---

[3] A "United States national" is a citizen of the United States.

[4] The certification requirement contained in 18 U.S.C. § 2332(d) is not an element of the offense, and a jury does not need to find this fact to convict a defendant. United States v. Yousef, 327 F.3d 56, 116-18 (2d Cir. 2003); see also United States v. Hausa, 258 F. Supp. 3d 265, 272 (E.D.N.Y. 2017).

to act without regard to the life of another . . ..." 2 Leonard B. Sand et al., Modern Federal Jury Instructions (2011), 41-2. To act with malice aforethought means to act willfully, with the intent to kill another person. However, the government does not need to prove a subjective intent on the part of the defendant to kill another person. Malice aforethought includes "reckless and wanton conduct on the part of a defendant which grossly deviated from a reasonable standard of care such that he was aware of a serious risk of death." United States v. Velasquez, 246 F.3d 204, 214 (2d Cir. 2001) (quoting 2 Sand, ¶ 41.01).[5]

IV. Jurisdiction and Venue

The United States has extraterritorial jurisdiction over defendants who conspire to murder U.S. nationals abroad. See 18 U.S.C. § 2332(b); United States v. Al Kassar, 660 F.3d 108, 117 (2d Cir. 2011). Venue lies in the district where the defendant is first brought. 18 U.S.C. § 3238. When the defendant was extradited from Canada, he was first brought to the Eastern District of New York.

V. Conclusion

The above elements of conspiracy to murder U.S. nationals, in violation of 18 U.S.C. 2332(b), are set forth to aid the Court during the defendant's anticipated guilty plea.

Respectfully submitted,

RICHARD P. DONOGHUE
Acting United States Attorney

By:  s/ Tiana A. Demas
Tiana A. Demas
Alexander S. Solomon
Peter W. Baldwin
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of the Court (RRM)
All defense counsel

---

[5] "[C]onspiracy to commit a particular substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense itself. Ingram v. United States, 360 U.S. 672, 678 (1959). See also United States v. Feola, 420 U.S. 671, 692 (1975) (holding that "where a substantive offense embodies . . . a requirement of *mens rea* as to each of its elements, the general federal conspiracy statute requires no more").