```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -  x
UNITED STATES OF AMERICA          :
                                  :
     - v -                        :
                                  :         11 Cr. 819 (RRM)
FARUQ KHALIL MUHAMMAD'ISA,        :
          Defendant.              :
- - - - - - - - - - - - - - - - -  x
```

FARUQ KHALIL MUHAMMAD 'ISA'S REQUEST TO HAVE CERTAIN PORTIONS OF
THE TRANSCRIPT OF HIS GUILTY PLEA FILED UNDER SEAL UNTIL THE
COURT ACCEPTS THE PLEA AND ENTERS AN ORDER OF CONVICTION

```
                              Federal Defenders of New York
                              Sabrina Shroff
                              Samuel I. Jacobson
                              Mildred M. Whalen
                              Attorneys for Defendant
                                   Faruq Khalil Muhammad 'Isa
                              1 Pierrepont Plaza, 16th Floor
                              Brooklyn, NY  11201
                              Tel.: (718)330-1200


TO:     RICHARD P. DONOGHUE, ESQ.
        United States Attorney
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, NY 11201

Attn:   Assistant U.S. Attorney Peter Baldwin
        Assistant U.S. Attorney Tiana Demas
        Assistant U.S. Attorney Alexander Solomon
```

Pursuant to this Court's order of March 6, 2018, Faruq Khalil Muhammad 'Isa submits this memorandum of law in support of his application to seal limited portions of the transcript of his guilty plea. In light of the unique facts of this case, the Court should grant Mr. 'Isa's request and seal that portion of his guilty plea transcript which records the stipulated facts underlying his plea of guilty. The requested sealing is not only limited in scope but also in duration; the defense agrees that the entire allocution should be unsealed once the Court accepts Mr. 'Isa's guilty plea.

I. **Mr. 'Isa's Guilty Plea.**

Mr. 'Isa pled guilty to Count One of the superseding indictment on March 6, 2018, pursuant to a plea agreement with the government. As part of the plea agreement, both the government and the defense stipulated to a set of facts which form the basis of the guilty plea and were intended for the Court as a written allocution by Mr. 'Isa. This set of facts was incorporated into the plea agreement as Exhibit A. Pursuant to Rule 11(c)(3)(A), the Court held a plea hearing but deferred accepting the guilty plea until it had the opportunity to review the pre-sentence report.

At the end of the plea proceeding, the Court inquired as to the continued sealing of the plea agreement and Exhibit A. Both the government and the defense agreed the documents should

remain sealed until the Court decided whether to accept Mr. 'Isa's guilty plea. Because the contents of Exhibit A were read verbatim into the record during the plea colloquy, the defense sought sealing of that portion of the transcript of the proceedings as well. The government, because of Department of Justice rules, was compelled to take no position on this request.

## II. The Legal Framework.

The public has a "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004). The Second Circuit has found that "the public and the press have a qualified First Amendment right of access to plea proceedings and plea agreements." *United States v. Alcantara*, 396 F.3d 189, 196 (2d Cir, 2005).

However, "[t]he First Amendment right of access to criminal proceedings is not absolute." *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). "A court's conclusion that a qualified First Amendment right of access to certain judicial documents exists does not end the inquiry. '[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'"

2

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *New York Times Co.*, 828 F.2d at 116).

As the party "seeking to maintain sealing," Mr. Isa bears "the burden of establishing that continued sealing is warranted." *In re Application to Unseal 98 Cr. 1101 (ILG)*, 891 F. Supp. 2d 296, 299 (E.D.N.Y. 2012). A defendant seeking only partial sealing need only establish a "substantial reason" for doing so, not a "compelling interest." *United States v. Doe*, 63 F.3d 121, 128-29 (2d Cir. 1995); *Woods v. Kuhlman*, 977 F.2d 74, 76 (2d Cir. 1992).

The Second Circuit applies a four-factor test in deciding whether to close a proceeding, and this test has been extended to decisions to seal documents.

"First, the district court must determine, in specific findings made on the record, if there is a substantial probability of prejudice to a compelling interest of the defendant, government, or third party, which closure would prevent. . . . Second, if a substantial probability of prejudice is found, the district court must consider whether reasonable alternatives to closure cannot adequately protect the compelling interest that would be prejudiced by public access. Third, if such alternatives are found wanting, the district court should determine whether, under the circumstances of the case, the prejudice to the compelling interest overrides the qualified First Amendment right of access. Fourth, if the court finds that closure is warranted, it should devise a closure order that, while not necessarily the least restrictive means available to protect the endangered interest, is narrowly tailored to that purpose."

*Doe*, *supra*, at 128(internal quotation marks, citations, and footnote omitted). *See also United States v. Silver*, 2016 WL

3

1572993, at *6 & n.4 (S.D.N.Y. Apr. 14, 2016) (applying *Doe* to sealing decision).

**III. The *Doe* Factors Support Continued Sealing.**

1. <u>Sealing a portion of the transcript would prevent a substantial probability of prejudice to a compelling interest of Mr. 'Isa.</u>

With respect to the first *Doe* factor, Mr. Isa has a 'compelling interest' in that he has a Sixth Amendment right to an impartial jury, one which has not heard him admit to his guilt.

Should the Court not seal the factual portion of the guilty plea, the media would have access to the plea transcript and could quote or print the factual portion of the guilty plea in its entirety. Individuals following the case would also have the ability to access the transcript and could post the factual portion of the allocution on websites, blogs, or a series of tweets.

This ability of the public to review the allocution prior to trial would severely taint the potential jury pool, especially in a case where the charges alone will make it difficult to choose a jury free of bias; a jury willing to presume Mr. 'Isa not guilty of the charges; and a jury willing to consider the evidence in its entirety before reaching a determination as to whether the charges have been proven beyond

4

a reasonable doubt. While potential jurors could be questioned about what they knew of Mr. 'Isa's guilty plea, simple questioning would not resolve the issue. The parties and the Court would have to ferret out the juror who could truly set aside not only any knowledge of a previously entered voluntary guilty plea, but then further set aside knowledge of Mr. 'Isa's specific confession in the plea allocution, and then truly judge the facts of Mr. 'Isa's case free from that knowledge. Unsealing the stipulated facts of Mr. Isa's guilty plea would create a strong probability of harm in an already difficult jury selection.

    As detailed above, Mr. 'Isa has demonstrated a substantial probability of prejudice to his interest in an impartial jury were his guilty plea unsealed in its entirety. Additionally, in this case, the government itself agreed to continued sealing of the plea agreement and the stipulated facts, given their concerns of finding an unbiased jury should the plea not be accepted. The government argued that sealing promoted that compelling interest. That interest, and the utility of sealing, remain until the Court decides whether to accept the plea.

5

2. <u>Reasonable alternatives do not exist that would adequately protect Mr. 'Isa's compelling interest against the prejudice of public access.</u>

With respect to the second *Doe* factor, because disclosure of the factual portion of his allocution will endanger Mr. 'Isa's right to an impartial jury, the only way to protect that interest is to keep that portion of his guilty plea under seal. Again, Mr. 'Isa is not seeking complete sealing of the transcript, but only that small portion detailing the facts underlying his admission of guilt, and only until the Court makes a decision whether to accept the guilty plea.

3. <u>Mr. 'Isa's compelling interest overrides the public's qualified right of access, and that right has been substantially protected.</u>

With respect to the third *Doe* factor, the public's qualified First Amendment right of access does not supersede Mr. Isa's personal Sixth Amendment right to an impartial jury.

Furthermore, in this case, the public's right to qualified access to the guilty plea has been substantially protected. The guilty plea proceeding itself was open to the public. Numerous members of the public and the press were present in the courtroom. They heard the recitation of the statutory penalties Mr. 'Isa is facing; they heard the proposed sentence in the plea agreement; and they were able to observe Mr. 'Isa during the

6

proceeding to confirm that he was competent to offer his plea and that the plea was not coerced or forced.

Had Exhibit A simply been referenced as part of the plea agreement and adopted by Mr. 'Isa during the allocution(as had been planned), the public would not have had access to the factual allocution, beyond being present in the courtroom at the time of the plea, until the Court decided whether to accept the guilty plea. At the guilty plea proceeding, after the allocution, the government asked to have the plea agreement and its attachments maintained under seal until the Court had made a decision to accept the guilty plea, and the Court agreed. The defense, recognizing the futility in keeping the plea agreement and its attachments sealed if the portion of the plea transcript where those facts were read into the record was not sealed, asked to have that portion of the transcript sealed as well. The defense is not seeking any greater restriction of the public's right of access to the proceedings than the government and the Court have already agreed to in sealing the plea agreement and its attachments.

Additionally, the fact that Mr. 'Isa admitted to facts in support of his plea in open court is not a basis to require that portion of the transcript to remain unsealed. *See United States v. Armstrong*, 185 F. Supp. 3d 332, 338 (E.D.N.Y. 2016)(Gershon, J.)("Here, the open proceedings. . . enabled the

public to learn the reasons behind that sentence and met the important public interests in access to sentencing proceedings articulated in *Alcantara,*. . . maintaining the government's letters under seal will not disturb the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system.")(internal quotations and citations omitted); *Pascal Abidor, National Association of Criminal Defense Lawyers v. Johnson*, 2016 WL 3102017, *8 (E.D.N.Y. 2016)(Korman, J.)(sealing description of forensic contents of laptop when all proceedings have been open and other relevant materials have been made available does not undermine First Amendment presumptive right of access).

4. <u>The defense is proposing the least restrictive means available to protect Mr. 'Isa's endangered interest, and that means is narrowly tailored to that purpose.</u>

With respect to the fourth *Doe* factor, the defense has proposed very narrow tailoring: first, that the Court limit sealing to that portion of the plea transcript containing the stipulated facts; and second, that the Court set a durational limit by maintaining sealing on a provisional basis until the plea is formally accepted.[1] This is the least restrictive means

---

[1] Should the Court not accept Mr. 'Isa's guilty plea, the parties can revisit the issue of whether this portion of the plea transcript should remain sealed until the conclusion of new plea proceedings or a jury trial.

8

available to protect Mr. 'Isa's right to an impartial jury and is very narrowly tailored to that purpose.

**IV. Conclusion.**

Mr. 'Isa has demonstrated a compelling interest in sealing one portion of the transcript of his guilty plea. He agrees that portion should be unsealed if the Court accepts his guilty plea. His interest and the narrow sealing he proposes override the public's limited right of access to his plea proceedings, especially since the public's right of access was substantially protected by the courtroom being open to the public during the guilty plea. For the foregoing reasons, this Court should grant Mr. 'Isa's limited application to seal that portion of the guilty plea that recites the stipulated facts.

                                        Respectfully submitted,
                                        Federal Defenders of New York

                                        /s/
                                        Mildred Whalen
                                        Samuel I. Jacobson
                                        Sabrina Shroff